STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael D. CARROLL, Defendant-Appellant.†

Court of Appeals

*No. 2011AP1922–CR. Submitted on briefs May 8, 2012.
—Decided June 19, 2012.*

2012 WI App 83

(Also reported in 819 N.W.2d 343.)

† Petition for Review denied 10/16/12.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of *Law Offices of Matthew S. Pinix, LLC* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Christine A. Remington*, assistant attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1. KESSLER, J. Michael D. Carroll appeals an order of the circuit court denying his motion for sentence modification.[1] Carroll argues that the legislative repeal of positive adjustment time, which previously allowed inmates convicted of certain offenses to earn potential reductions in their terms of initial confinement for defined positive behavior, is a new factor justifying sentence modification. We affirm.

## BACKGROUND

¶ 2. In 2010, a jury found Carroll guilty of being a felon in possession of a firearm, contrary to Wis. Stat. § 941.29(2)(a) (2009–10).[2] Carroll received a ten year sentence, comprised of five years of initial confinement and five years of extended supervision. Carroll's sentence was ordered consecutive to a revocation sentence imposed in an earlier Milwaukee County case. Because Carroll's revocation sentence will not end until 2015, Carroll will not begin serving his sentence in this case until then.

¶ 3. In June 2009, the legislature passed 2009 Wis. Act 28, which, in part, allowed offenders convicted of certain crimes[3] to earn positive adjustment time during the terms of their initial confinement. *See* 2009 Wis. Act 28, §§ 2720–2733h (creating the positive ad-

---

[1] The Honorable Daniel L. Konkol presided over the trial and sentencing. The Honorable Charles F. Kahn, Jr., as the successor to Judge Konkol's calendar, presided over the post-conviction motion.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[3] The parties agree that Carroll was convicted for a crime to which the positive adjustment time statute applied.

justment and release provisions in WIS. STAT. § 302.113); WIS. STAT. § 302.113(2)(b).[4] Carroll was sentenced in June 2010.

¶ 4. In August 2011, the legislature enacted 2011 Wis. Act 38, repealing many of the earlier release provisions created under 2009 Wis. Act 28, including

---

[4] Multiple sections of WIS. STAT. § 302.113 were repealed by 2011 Wis. Act 38, §§ 36–46. WISCONSIN STAT. § 302.113(2)(b) provided:

> An inmate sentenced . . . [for a crime] that is not a violent offense, as defined in s. 301.048(2)(bm)1., may earn one day of positive adjustment time for every 2 days served that he or she does not violate any regulation of the prison or does not refuse or neglect to perform required or assigned duties. An inmate . . . [who has earned positive adjustment time] shall be released to extended supervision when he or she has served the term of confinement in prison portion of his or her bifurcated sentence, as modified by the sentencing court under s. 302.045(3m)(b)1. or 302.05(3)(c)2.a., if applicable, less positive adjustment time he or she has earned . . . .

WISCONSIN STAT. § 302.113(2)(c) provided, in relevant part:

> **1.** When an inmate is within 90 days of release to extended supervision under par. (b), the department shall notify the sentencing court that it intends to modify the inmate's sentence and release the inmate to extended supervision under par. (b), and *the court may hold a review hearing* . . . .
>
> . . . .
>
> **2.b.** . . . The court *may accept* the department's determination that the inmate has earned positive adjustment time under par. (b), *reject* the department's determination that the inmate has earned positive adjustment time under par. (b), *or order the inmate to remain in prison for a period that does not exceed the time remaining on the inmate' s term of confinement.*

(Emphasis added; some formatting altered.)

positive adjustment time under WIS. STAT. § 302.113(2)(b). *See* 2011 Wis. Act 38, § 38. Offenders eligible for positive adjustment time who had begun serving their sentences between the enactment of 2009 Wis. Act 28 and the August 3, 2011 effective date of 2011 Wis. Act 38, remained eligible for a potential reduction of confinement time based on positive adjustment time already earned. Carroll's sentence in this case is not scheduled to begin until 2015.

¶ 5. After the repeal of WIS. STAT. § 302.113(2)(b), Carroll moved for sentence modification. He argued that the repeal was a new factor warranting sentence modification under *State v. Harbor*, 2011 WI 28, ¶ 38, 333 Wis. 2d 53, 797 N.W.2d 828, and *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975). The circuit court denied the motion, concluding that the statutory change was not a new factor warranting modification because the sentencing court was not concerned with Carroll's eligibility for positive adjustment time when it imposed Carroll's sentence. This appeal follows.

## DISCUSSION

¶ 6. Carroll argues that the repeal of WIS. STAT. § 302.113(2)(b) effectively increased his term of confinement because he is now unable to earn a potential reduction of his incarceration time. This, he argues, is a new factor warranting sentence modification.

¶ 7. A new factor is a fact or set of facts both highly relevant to the imposition of sentence, and not known to the sentencing judge at the time of original sentencing. *Rosado*, 70 Wis. 2d at 288. Whether a fact or set of facts constitutes a new factor is a question of law that we review independently. *Harbor*, 333 Wis. 2d

53, ¶ 33. The determination of whether a new factor justifies sentence modification is committed to the circuit court's discretion. *Id.* We review the circuit court's decision for an erroneous exercise of discretion. *Id.*

¶ 8. The defendant has the burden of demonstrating "both the existence of a new factor and that the new factor justifies modification of the sentence." *Id.*, ¶ 38. If a court determines that the facts do not constitute a new factor as a matter of law, " 'it need go no further in its analysis.' " *Id.* (citation omitted).

¶ 9. Because 2011 Wis. Act 38 did not become effective until more than a year after Carroll's sentencing hearing, it is obvious that the sentencing judge could not have known about the repeal at the time of sentencing. Thus we consider only whether the existence of positive adjustment time was " 'highly relevant to the imposition of sentence.' " *See Harbor*, 333 Wis. 2d 53, ¶¶ 49–50. If the existence of positive adjustment time was not highly relevant to the imposition of the sentence, its repeal would necessarily be irrelevant to the sentencing court and thus not a new factor justifying sentence modification.

¶ 10. The potential to earn positive adjustment time is similar to prior statutes allowing inmates to apply for release on parole before their full incarceration time had been served. Therefore, the cases dealing with sentence modification motions after the State changed its parole policy are instructive here. In *State v. Franklin*, 148 Wis. 2d 1, 13–14, 434 N.W.2d 609 (1989), our supreme court held that if a defendant demonstrates a change in parole policy, the defendant must show that the change was highly relevant to the imposition of sentence. *See id.* at 14 ("We conclude that a

change in parole policy cannot be relevant to sentencing unless parole policy was actually considered by the circuit court."). Similarly, in *State v. Delaney*, 2006 WI App 37, ¶ 12, 289 Wis. 2d 714, 712 N.W.2d 368, *abrogated on other grounds by Harbor*, 333 Wis. 2d 53, we relied on the sentencing judge's "actual words" to determine whether he relied upon a change in parole policy when sentencing Wayne Delaney. We concluded that Delaney did not put forth a new factor justifying sentence modification because he did not demonstrate the sentencing court's reliance on the policy change. *Delaney*, 289 Wis. 2d 714, ¶ 12.

■

¶ 11. Here, the sentencing court did not mention, much less discuss, positive adjustment time. Instead, at the sentencing hearing, the sentencing court found that Carroll was:

> *not* eligible for the Challenge Incarceration Program, *not* eligible for the Earned Release Program, and I'm *not* using a Risk Reduction Sentence because *I think protection of the community requires the confinement that I'm going to be giving without the opportunity for getting out earlier than what I am going to be listing.*

(Emphasis added.) In specifically refusing to authorize Carroll's participation in other statutory programs related to offender good behavior, the sentencing court made it clear that a very important sentencing objective was to protect the community. The court was focused on keeping Carroll incarcerated for as long as possible. We conclude that the possibility of positive adjustment time was not a factor highly relevant to the sentence imposed. Consequently, repeal of a program that was not considered at sentencing does not establish a new factor justifying sentence modification under *Harbor*.

¶ 12. Carroll also claims his existing sentence has effectively been increased by the repeal. That conclusion assumes that the legislature would not change the positive adjustment time statute before 2020 (when he begins serving his sentence at the end of his initial confinement), that he would eventually earn a significant amount of such time by violating no prison regulations, and that the court would ultimately allow that time to reduce his incarceration time. *See* Wis. Stat. § 302.113(2)(c)2. (sentencing court may accept or reject the Department of Corrections award of positive adjustment time or may order inmate to serve entire incarceration portion of the sentence). Because Carroll had earned no adjustment time when the statute was repealed, his argument is premised on nothing more than multiple assumptions. Such a speculative syllogism does not persuade us that he has been harmed in any way by the repeal of a statute under which he had no vested rights.

¶ 13. We conclude, based on the facts of the case before us, that the existence of positive adjustment time at the time of sentencing was not a factor highly relevant to the sentence imposed, thus the repeal of positive adjustment time is not a new factor warranting sentence modification. The motion for sentence modification was properly denied.

*By the Court.*—Judgment and order affirmed.